IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD P. HELLER by MORNIA THOMAS, his Attorney-In-Fact, | : CIVIL ACTION |
| Plaintiff | : NO. 3:16-CV-01902-JFS |
| v. | : MAGISTRATE JUDGE SAPORITO |
| CAR-LOTTA CAR SALES – KINGSTON, INC., | : |
| Defendant | : |

FILED
WILKES BARRE
MAR 3 1 2017
Per MS

## CONFIDENTIALITY STIPULATION AND ORDER

The parties to this action, Plaintiff Gerald P. Heller by Mornia Thomas, his Attorney-In-Fact ("Plaintiff") and Car-Lotta Car Sales – Kingston, Inc. ("Defendant"), hereby stipulate and agree to the terms and procedures set forth in this Confidentiality Stipulation (the "Stipulation") as follows:

1. In the course of discovery in the above action, Plaintiff requested that Defendant produce the following confidential and proprietary information ("Financial Information"):

    a. Defendant's net worth and a description of how the valuation was calculated (Interrogatory 10); and

    b. Defendant's financial reports, including tax returns and amendments for the last five fiscal years, detailed financial statements for the last

1

five fiscal years, including any supplemental information or management reports; interim financial statements for the most recent period available and for the same period of the prior year; income statement projections for the current fiscal year; all appraisals for real estate, business, equipment and inventory; all reports dealing with the value of Defendant or of its underlying assets; all documentation regarding debts owed by Defendant; all *Documents* related to any transaction involving an interest in the Defendant; all *Documents*, not already requested, which contain information which you believe is relevant to the determination of Defendant's net worth (Request for Production of Documents 22).

2. Defendant objected to the production of its Financial Information, and on March 21, 2017 counsel for the parties addressed the Court concerning Defendant's objections.

3. As a result of the conference with the Court, the parties agreed, subject to the Court's approval of this Confidentiality Stipulation and Order, to enter into a stipulation by which Defendant will provide to Plaintiff a calculation of Defendant's net worth for the last two annual tax reporting periods from Defendant's accountant ("Net Worth Information").

4. Pending Plaintiff's review of Defendant's Net Worth Information, the Court will hold in abeyance any ruling on Defendant's objections to Plaintiff's discovery requests.

2

5. The parties' execution of this Confidentiality Stipulation is without prejudice to any party to request that the Court issue a briefing schedule concerning Plaintiff's discovery requests concerning Defendant's Financial Information and any other discovery issues.

6. Confidential Documents and Information: The parties acknowledge that all of Defendant's Financial Information, including Net Worth Information, and the information contained in them ("Confidential Information"), are confidential and the recipients shall treat Confidential Information as confidential and protect such documents and information from unnecessary disclosure in accordance with this Stipulation and Order.

7. Recipients: Only the following persons and entities and categories of persons and entities may be permitted to receive and use Confidential Information: the parties, their attorneys, employees of the parties or the parties' attorneys, experts and, as necessary to assist in the litigation, witnesses and jury members. (These persons are referred to herein as the "Recipients.") In addition, the Court, all court personnel, court reporters, and other persons involved in the administration of the judicial process may be permitted to receive and use Confidential Information.

8. Disclosure and Use: Plaintiff may use Confidential Information only in connection with this civil action and shall not disclose such documents or

information to any person that is not a Recipient. Furthermore, Plaintiff may neither file of record Defendant's Financial Information unless Plaintiff does so under seal nor use it as an exhibit at trial until such time as the Court determines it is admissible.

9. Return: Within 30 days after the conclusion of this litigation (including the final resolution of any appeals that may be filed), Plaintiff shall return or destroy all Confidential Information received from Defendant.

10. Depositions: Deposition transcript or exhibits (or parts thereof) constituting or containing any discussion or disclosure of any Confidential Information shall be treated as confidential and shall be used only as permitted by this Stipulation and any Order related to this Stipulation issued by the Court.

11. Upon approval of this Confidentiality Stipulation by both parties, Defendant will file it with the Court and request that the Court execute it, giving the Confidentiality Stipulation the full effect of an Order. The parties agree to be bound by this Stipulation even absent Court approval of it, or while the Confidentiality Stipulation awaits the Court's approval.

12. This Stipulation does not affect a party's use or disclosure of its own Confidential Information.

13. Copies: All signed copies of this Confidentiality Stipulation, and any counterparts, and photocopies, or digital copies thereof (e.g. .pdf format or

4

13. Copies: All signed copies of this Confidentiality Stipulation, and any counterparts, and photocopies, or digital copies thereof (e.g. .pdf format or facsimiles) shall have the same force and effect and shall be as legally binding and enforceable as the originals.

14. Duration: This Stipulation shall remain in force and effect unless and until modified, superseded, or terminated by Order of the Court made upon motion with notice.

| GERALD P. HELLER BY MORNIA THOMAS, HIS ATTORNEY-IN-FACT | CAR-LOTTA CAR SALES – KINGSTON, INC. |
|---|---|
| *Mornia Thomas* | *[signature]* |
| Dated: March 23, 2017 | Dated: 3/30/17 |

SO ORDERED:

*[signature]*, J.

March 31, 2017

| | |
|---|---|
| STEVENS & LEE, P.C. | SABATINI LAW FIRM, LLC |
| By: */s/ Marianne J. Gilmartin*<br>Marianne J. Gilmartin<br>425 Spruce Street<br>Suite 300<br>Scranton, PA 18503<br>(570) 969-5362<br><br>*Attorneys for Defendant*<br>*CAR-LOTTA CAR SALES –*<br>*KINGSTON, INC.* | By: */s/ Carlo Sabatini*<br>Carlo Sabatini, Esquire<br>216 North Blakely Street<br>Dunmore, PA 18512<br>(570) 341-9000<br><br>*Attorneys for Plaintiff*<br>*GERALD P. HELLER BY MORNIA*<br>*THOMAS, HIS ATTORNEY-IN-FACT* |
| Dated: March 31, 2017 | Dated: March 31, 2017 |

03/31/2017 SL1 1456655v1 110916.00001